**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONTINENTAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>H&M INTERNATIONAL TRANSPORTATION, INC.,<br><br>Defendant. | Civil Action No. _____<br><br><br><br>**COMPLAINT** |

Plaintiff Continental Indemnity Company ("CNI"), by and through its attorneys, DLA Piper LLP (US), and against Defendant, H&M International Transportation, Inc. ("H&M"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for Declaratory Judgment by CNI against H&M, pursuant to and in accordance with CNI Workers' Compensation & Employer's Liability Insurance Policy No. 73-889895-01-01, with a term of May 15, 2014 through May 15, 2015 (the "CNI Policy"). More specifically, CNI seeks a declaration that there is no coverage for claims arising under the Federal Employer Liability Act ("FELA") in the CNI Policy. CNI further seeks a declaration that it has no duty to indemnify or defend the FELA claim filed by Barry Hoots against H&M in the Circuit Court of Crittenden County, Arkansas, Case No. 18CV-2016-499 (the "Hoots Litigation").

**PARTIES**

2. CNI is a corporation organized and existing under the laws of Iowa with its principal place of business located at 10825 Old Mill Road, Omaha, Nebraska 68154.

3. Upon information and belief, H&M is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 485B US-1, Suite 100, Iselin, New Jersey 08830.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between CNI and H&M and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202.

5. This Court has general personal jurisdiction over H&M by virtue of it transacting and doing business in the State of New Jersey. Moreover, the Court has specific personal jurisdiction because, upon information and belief, the acts alleged herein occurred entirely or primarily within the State of New Jersey.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## BACKGROUND FACTS

**H&M International Transportation, Inc.**

7. H&M International Transportation was founded in 1968 as a trucking company, originally providing pier pick-up and delivery services in New Jersey.

8. H&M provides a broad range of logistics services through a comprehensive network of U.S. intermodal operations.

9. H&M's services include rail terminal operations, warehousing and distribution, container freight stations, and customs examination sites.

10. Today, H&M manages more than 1.5 million containers each year; generates annual revenues of over $90 million; utilizes more than 1.3 million square feet of warehousing, distribution, and CFS space; and manages nearly 500 acres dedicated to container yard operations.

**The Federal Employer Liability Act**

11. FELA is a U.S. federal law that was enacted in 1908 to protect and compensate railroad workers injured on the job, if the worker can prove that the railroad was at least partly legally negligent in causing the injury. *See* 45 U.S.C. § 51.

**CNI Workers' Compensation Insurance Policy No. 73-889895-01-01**

12. In or about early May 2014, H&M applied for workers' compensation insurance through CNI in an effort to quickly replace their existing workers' compensation coverage (which was expiring just days later).

13. During the underwriting process, H&M and its insurance broker were questioned concerning the FELA endorsement on H&M's prior workers' compensation policy, whether it would still be needed, and provided the information that CNI would need if it were to quote a workers' compensation policy with a FELA endorsement.

14. CNI specifically indicated that in order to quote a FELA endorsement, CNI would need to know the percentage of H&M's payroll relating to FELA exposure. This information was never provided to CNI (and, as a result, CNI was precluded from quoting the endorsement).

15. On May 8, 2014, Raymond J. Cznadel, H&M's Vice President of Risk Management, stated as follows:

> **H&M does not have any specific percentage of payroll relating to a FELA exposure**. It was put into the policy as a precautionary measure since we operate in a rail yard environment. **All rail employees are covered** under the state workers' compensation rules.

3

> The attachment contains a copy of the current policy year certificate of insurance covering the policy year of 5-1-14 to 15. Note the workers' compensation policy is shown and a certificate of insurance has been sent to all customers including the rail road.

5/8/2014 Email from R. Cznadel to H&M's Insurance Broker and CNI (emphasis added).

16. H&M disclaimed the need for FELA coverage by stating that "all rail employees are covered," and did not otherwise provide any information upon which CNI could quote such a FELA endorsement.

17. H&M took the position with CNI that their covered employees were not "railroad workers" in the context of FELA and that the prior FELA endorsement was "precautionary" only [and not required] because H&M operated "in a rail yard environment."

18. On May 13, 2018, H&M was provided through its broker with an EquityComp® Proposal and Rate Quotation for H&M International Transportation, including a request to bind coverages and services. H&M could have, once again, requested the FELA endorsement but did not.

19. CNI Workers' Compensation & Employer's Liability Insurance Policy No. 73-889895-01-01, was issued to H&M with a term of May 15, 2014 through May 15, 2015. (Attached hereto as **Exhibit 1**, is a copy of the CNI Policy). The CNI Policy proposal was reviewed and approved by H&M (and its broker) and issued without a FELA endorsement.

20. The CNI Policy quoted, issued, and accepted by H&M in May 2014 included a clear and unequivocal exclusion of FELA coverage, as follows:

> 9. Bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

*See* Exclusions, Part II, C(9).  There was no FELA endorsement.

**Barry Hoots FELA Litigation**

21. On or about October 11, 2014, Barry Hoots ("Hoots") was injured in the course and scope of his employment with H&M.  As a result, Hoots received workers' compensation benefits pursuant to and in accordance with the Policy.

22. Then, on or about August 22, 2016, Mr. Hoots filed a FELA claim against H&M in the Circuit Court of Crittenden County, Arkansas, Case No. 18CV-2016-499 (the "Hoots Complaint," a copy of which is attached hereto as **Exhibit 2**).

23. H&M did not answer the Hoots Complaint and a default judgment for $20 million was entered.  The default judgment was later vacated through H&M's retained counsel.

24. CNI has denied that it has any indemnification obligation with respect to the Hoots Litigation, since FELA claims were specifically excluded from the CNI Policy issued to H&M for the relevant period and is currently defending the Hoots Complaint under a full reservation of rights.

25. There exists an actual and substantial controversy between CNI and H&M concerning the CNI Policy and the Hoots Litigation. The Hoots Litigation is tentatively scheduled for trial in February 2019, such that there is sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

### (For A Declaratory Judgment)

26. CNI re-alleges and incorporates each of the preceding paragraphs as if fully set forth herein.

27. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

28. A dispute has arisen concerning the construction and enforceability of the terms of the CNI Policy issued to H&M.

29. H&M seeks indemnification and defense of the Hoots Complaint from CNI.

30. CNI denies that it has any duty to indemnify or defend the Hoots Complaint since FELA claims were specifically excluded under the CNI Policy.

31. H&M disputes CNI's denial and is defending the Hoots Complaint under a full reservation of rights.

32. Accordingly, there exists a live, actual, and justiciable controversy between CNI and H&M with respect to the CNI Policy and the exclusion of FELA claims.

33. Absent an adjudication of the construction and enforceability of the terms of the CNI Policy, CNI will continue to suffer harm as it defends the Hoots Complaint, under a reservation of rights and where there is no indemnification obligation.

34. To resolve this controversy, CNI seeks a declaration from this court that the CNI Policy is enforceable as written, specifically excludes FELA claims, and that there is no coverage under the CNI Policy for the Hoots Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, CNI respectfully requests that this Court enter an order:

1. Declaring that the CNI Policy is enforceable and excludes claims made under FELA;

2. Declaring that the Hoots Complaint is a FELA claim and CNI has no duty to indemnify or defend H&M;

3. Awarding damages to CNI in the amount of any fees or costs paid or incurred in defense of the Hoots Complaint (under reservation of rights);

4. Awarding CNI its attorneys' fees and costs in this action; and

5. Such other and further relief as the court may deem just and appropriate under the circumstances.


Dated: New York, New York  
       October 5, 2018

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ Steven M. Rosato  
Steven M. Rosato  
DLA Piper LLP (US)  
1251 Avenue of the Americas, 27th Floor  
New York, New York 10020  
Tel.: (212) 335-4500

*Attorneys for Plaintiff*  
*Continental Indemnity Company*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, the undersigned counsel for Plaintiff hereby certifies that this matter is not the subject of any other action asserted by Plaintiffs herein in any court, or any pending arbitration or administrative proceeding.

Dated: New York, New York
October 5, 2018

**DLA PIPER LLP (US)**

By: /s/ Steven M. Rosato
Steven M. Rosato
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel.: (212) 335-4500

*Attorneys for Plaintiff*
*Continental Indemnity Company*

## **LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to L. Civ. R. 201.1(d)(3), the undersigned counsel for Plaintiff hereby certifies that the damages sought exceed $150,000.00 and, further, that the complaint seeks declaratory relief. This action accordingly is not subject compulsory arbitration under L. Civ. R. 201.1(d)(1).

Dated: New York, New York
October 5, 2018

**DLA PIPER LLP (US)**

By: /s/ Steven M. Rosato
Steven M. Rosato
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel.: (212) 335-4500

*Attorneys for Plaintiff*
*Continental Indemnity Company*