UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CONTINENTAL INDEMNITY COMPANY,

            Plaintiff,

v.

H&M INTERNATIONAL
TRANSPORTATION, INC.,

            Defendant.

OPINION
Civ. No. 18-14701-WHW-CLW

**Walls, Senior District Judge**

In this declaratory judgment action, Defendant H&M International Transportation, Inc. ("H&M") moves to dismiss the Complaint without prejudice under the *Brillhart* abstention doctrine, or in the alternative for a stay of this action. ECF No. 8. Plaintiff Continental Indemnity Company ("Continental") opposes. ECF No. 20. Decided without oral argument under Federal Rule of Civil Procedure 78, the motion to dismiss is denied, and the motion to stay is granted.

## FACTUAL BACKGROUND[1]

H&M is a New Jersey-based trucking company whose services include rail terminal operations, warehousing and distribution, container freight stations, and customs examination sites. Compl. ¶¶ 7-9. Continental insured H&M from May 15, 2014 through May 15, 2015 under Workers' Compensation & Employer's Liability Insurance Policy No. 73-889895-01-01 (the "Policy"). *Id.* ¶ 19; *see also* ECF No. 8-2 Ex. 1 (Policy). The Policy contains several exclusions, including for claims relating to "[b]odily injury to any person in work subject to the

---

[1] Unless stated otherwise, all facts are drawn from Continental's Complaint ("Compl."), ECF No. 1. These facts are taken as true for the purpose of the H&M's motion. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016) (quoting *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)) ("[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.").

1

Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws[.]" Compl. ¶ 20 (quoting Policy Part II.C.9.).

During the term of the Policy, Barry Hoots was injured in the course and scope of his employment with H&M. Compl. ¶ 21. Hoots, who was injured in Arkansas, sued H&M under the Federal Employers' Liability Act ("FELA") in the Circuit Court of Crittenden County, Arkansas, Case No. 18CV-2016-499 (the "Arkansas Action"). *Id.* ¶ 22. H&M denied any FELA liability to Hoots because it "is not a common carrier or railroad" and Hoots "was not engaging in work that was in the furtherance of interstate commerce at the time of the incident at issue." ECF No. 8-2 Ex. 3 (H&M Answer in Arkansas Action) ¶¶ 22, 23.

Continental disclaimed any responsibility to defend or indemnify H&M for the Arkansas Action on the grounds that the Policy excludes FELA claims, including Hoots's. *Id.* ¶ 24. Continental is, however, defending H&M in the Arkansas Action under a reservation of rights. *Id.*

Continental sued H&M in this Court for a declaratory judgment that (1) the Policy is enforceable, and (2) the Arkansas Action "is a FELA claim and [Continental] has no duty to indemnify or defend H&M[.]" Compl. at 7. H&M moves to dismiss the Complaint under the *Brillhart* abstention doctrine, or in the alternative to stay this case pending the outcome of the Arkansas Action. ECF No. 8-1.

While H&M's motion was *sub judice*, the judge in the Arkansas Action ruled that H&M "is a common carrier by railroad and is subject to [FELA]." ECF No. 23-1 (Jan. 29, 2019 Order in Arkansas Action). Continental argues that this ruling moots H&M's motion, which contended that the question of whether H&M is subject to FELA should be decided in the Arkansas Action.

ECF No. 23. H&M disagrees, countering that H&M intends to appeal the Arkansas court's order. ECF No. 24 at 1. H&M also informed the Court for the first time of a separate action—pre-dating the Arkansas Action—by Hoots against H&M and Continental, before the Arkansas Workers' Compensation Commission. *Id.* at 2 (citing Arkansas W.C.C. File No. G408197 (the "Workers' Compensation Claim")). According to H&M, whether Hoots states a FELA claim is also at issue in the Workers' Compensation Claim. *Id.*

## STANDARD OF REVIEW

Federal courts generally have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). It is, however, well settled that a district court's discretion to defer to a state court is significantly broader when the federal action is one for declaratory judgment. *See e.g., Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 (1942); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995) ("Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted" in other contexts.). According to the Supreme Court, the Declaratory Judgment Act confers "discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.,* 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart,* 316 U.S. at 494). H&M urges this Court to exercise this discretion and either (1) abstain from deciding Continental's declaratory judgment claim, ECF No. 8-1 at 8-14, or (2) stay this case pending resolution of the Arkansas Action, *id.* at 14-15.

In deciding whether to abstain from or stay an action under *Brillhart,* "[c]ourts should first determine whether there is a 'parallel state proceeding.'" *Kelly v. Maxum Specialty Ins. Grp.,* 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer,* 751 F.3d at 143, 146). The existence of

a parallel state proceeding is "but one factor for courts to consider"—but it is "a significant factor that is treated with 'increased emphasis.'" *Id.* (quoting *Reifer*, 751 F.3d at 144); *see also Colony Ins. Co. v. Troensa Constr., Inc.*, No. CV1703577RBKKMW, 2018 WL 4676038, at *8 (D.N.J. Sept. 28, 2018) (court "presumed it had jurisdiction" after finding no parallel proceeding). Put another way, "the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Kelly*, 868 F.3d at 282 (quoting *Reifer*, 751 F.3d at 144-45).

In the Third Circuit, cases are parallel only when there is "a substantial similarity in issues and parties[.]" *Kelly*, 868 F.3d at 284. "[T]he mere potential or possibility that two proceedings will resolve related claims between the same parties" is not enough. *Id.* at 283-84.

## DISCUSSION

H&M effectively concedes that the Arkansas Action is not parallel to this case. *See* ECF No. 8-1 at 9 ("The fact that Continental is not a named party in the Arkansas Action does *not* preclude application of *Brillhart*." (emphasis in original)). And it is right to do so: "[*Kelly*] creates a *per se* presumption that an insurer's declaratory judgment action is distinct from underlying tort actions in state court where the insurer is a non-party." *Colony Ins. Co.*, 2018 WL 4676038, at *7 (citing *Kelly*, 868 F.3d at 287). Continental is not a party in the Arkansas Action, *see* ECF No. 8-2 Ex. 3 (Complaint in Arkansas Action), and H&M has done nothing to overcome *Kelly*'s presumption. This case and the Arkansas Action are not parallel.

This does not end the analysis, though. The Third Circuit instructs courts to also give "meaningful consideration" to these factors (and others, as appropriate) before abstaining from or staying a case:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Kelly*, 868 F.3d at 282-83 (quoting *Reifer*, 751 F.3d at 146). The Court takes these factors in turn.

*First*, the requested declaration would resolve the question of H&M's liability by determining whether Hoots's injury is subject to FELA. *See* Compl. at 7 (Prayer for Relief 2). H&M does not disagree. *See* ECF No. 8-1 at 11-12. This factor weighs against abstention. *Second*, neither New Jersey nor Arkansas is a more convenient forum for the parties. H&M is headquartered in New Jersey, *see* Policy at 1, and New Jersey law may apply to this dispute.[2] On the other hand, Hoots was injured while employed by H&M in Arkansas, so witnesses—will likely be in Arkansas too. *See Watts v. H & M Int'l Transp., Inc.*, No. CIV.A. 12-6703 CCC, 2014 WL 2854772, at *3 (D.N.J. June 20, 2014) ("Although the question of whether FELA applies to H & M is a question of law, it can only be determined by examining the facts surrounding Defendant's business activities.") (citation omitted). These considerations balance out, making this second factor neutral. *Third*, as in *Kelly*, "the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address." 868 F.3d at 288. *See also IDT Corp. v. Krill*, No. CIV.A. 13-1540 SDW, 2013 WL 5937421, at *5 (D.N.J. Nov. 4, 2013)

---

2   The parties have not briefed the choice of law issues in this action, and the Court will not decide it here. But, as Continental points out, ECF No. 20 at 12-13, New Jersey law may ultimately govern this dispute because H&M is headquartered in New Jersey and performed its contractual obligations there.

(finding public interest not implicated where no public policy concerns at issue and no "novel or complex issues of state law necessitation state court adjudication"). This factor militates against abstention.

*Fourth*, there is no more convenient remedy available. This Court and Arkansas state tribunals are equally capable of declaring the validity of the Policy and whether FELA applies to the Arkansas Action. *Fifth*, the main substantive issue in this case—whether Hoots's underlying suit is subject to FELA—is also pending in the Arkansas action. Continental admitted as much when it submitted the Arkansas court's January 29, 2019 order—finding that H&M "is a common carrier by railroad and is subject to [FELA]"—to this Court. *See* ECF No. 23-1. This factor favors abstention. *Sixth*, there is some risk of duplicative litigation. On the one hand, the issue of whether Hoots's injury is covered by FELA is central to this case and to the Arkansas Action, making some duplication inevitable. On the other hand, this court is not bound by the Arkansas court's interpretation of FELA. *See United States v. Bedford*, 519 F.2d 650, 653 n.3 (3d Cir. 1975) ("It is a recognized principle that a federal court is not bound by a state court's interpretation of federal laws[.]").[3] Because the Arkansas court has already issued a ruling on whether FELA applies and because that decision will likely be appealed, ECF Nos. 23, 24, this factor favors abstention.

*Seventh*, it is unclear whether there has been procedural fencing here. H&M argues that Continental "should have pursued its coverage claims in an appropriate forum in Arkansas if it truly believed the claims had merit, rather than bring them in a forum with no real connection to the incident." ECF No. 8-1 at 14. But Continental hardly sued in an illogical forum, bringing

---

[3] Continental also dismisses any risk of duplicative litigation because, as a non-party to the Arkansas Action, it is not bound by the Arkansas court's FELA determination. ECF No. 20 at 14. True enough. But that is due to Continental's own choice to sue in this forum rather than to intervene in the Arkansas Action. *See* Ark. R. Civ. P. 24 (Intervention).

this action in New Jersey, where H&M is headquartered. *See Westfield Ins. Co. v. Icon Legacy Custom Modular Homes & Icon Legacy*, No. 4:15-CV-00539, 2015 WL 4602262, at *5 (M.D. Pa. July 30, 2015) (no procedural fencing when plaintiff-insurer sued in defendant-insured's home district for declaration that underlying suits in New York and Massachusetts state court against defendant-insured were not covered by indemnification policy). Indeed, one court in this District has stated that where the declaratory judgment plaintiff "is not a party in the state proceeding, this concern [about procedural fencing] does not apply." *Colony Ins. Co.*, 2018 WL 4676038, at *9. That Continental could have sued (or intervened) in Arkansas does not mean it was required to do so. This Court disagrees with that blanket statement, though—particularly where, as here, the declaratory judgment plaintiff (Continental) could have moved to intervene in the state court action. *Cf. Associated Indus. Ins. Co. v. Four Four, LLC*, No. 2:17-CV-103-WKW, 2018 WL 2946397, at *6 (M.D. Ala. June 12, 2018) (no "procedural fencing" because insurer "unsuccessfully sought to intervene in the state-court litigation"). This factor is neutral.

*Eighth and finally*, there is no conflict between Continental's ongoing defense (subject to a reservation of rights) of H&M in the Arkansas Action and its characterization of the Arkansas Action here. Continental is positioned to make the same argument in both cases: that Hoots's suit does not fall under FELA. *Cf. Nationwide Prop. & Cas. Ins. Co. v. Zatyko*, No. CV 16-1010, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016) (no conflict because plaintiff-insurer's argument in federal declaratory judgment action does not depend on any legal arguments made by defendant-insured in state court action). This final factor is neutral.

As discussed, there is no parallel state court action here, which militates strongly in favor of exercising jurisdiction. *See Kelly*, 868 F.3d at 282; *Reifer*, 751 F.3d at 144-45. And the *Kelly*

factors are a wash: factors one and three support this Court exercising jurisdiction; factors two, four, seven, and eight are neutral; and factors five and six favor abstention.

A footnote in *Kelly*, however, counsels against this Court wading into this dispute at this time. As quoted by H&M: "It is possible that, in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding. [] **Even if the proceedings are not parallel** as we have defined it, such may be the type of situation which nevertheless warrants a court's abstention." *Kelly*, 868 F.3d at 287 n.12 (emphasis added) (citing *Nationwide Mut. Ins. Co. v. Lowe*, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000)) (quoted in ECF No. 8-1 at 10). Though this statement is *dicta*, its logic is persuasive: when the same central issue is being litigated in an underlying personal injury action and a federal declaratory judgment action, a federal court has grounds to abstain. This is even true where, as here, the state and federal proceedings are not parallel. Indeed, the court in *Nationwide*, relied on by *Kelly*, abstained in a similar situation where both state and federal tribunals were being called on to decide whether the personal injury plaintiffs were employees or independent contractors of the insured. 95 F.Supp.2d at 276. Because "[i]nconsistent determinations . . . may result," the court abstained. *Id.*

This Court will not abstain, but will instead stay this matter. The Arkansas Action court has already held that H&M "is subject to [FELA]," ECF No. 23-1, and an appeal is forthcoming, ECF Nos. 24, 25. To avoid the possibility of inconsistent determinations in New Jersey and Arkansas—which, as stated, has a substantial nexus to the underlying dispute and to the factual questions that would inform a FELA decision—this Court will stay this case pending final resolution of the Arkansas Action. *See Brillhart*, 316 U.S. at 495 (explaining that district court

should refrain where "questions in controversy . . . can better be settled in the proceeding pending in the state court").

## CONCLUSION

H&M's motion to dismiss this action pursuant to *Brillhart* abstention (ECF No. 8) is denied. H&M's motion to stay this case pending final resolution of the Arkansas Action (ECF No. 8) is granted. An appropriate order follows.

DATE: 26 March 2015

William H. Walls
Senior United States District Court Judge